IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:12-cr-00147-MBC |
| | ) | 2:12-cr-00211-MBC |
| | ) | 2:12-cr-00212-MBC |
| EDWARD HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently pending before the Court is the government's Motion to Join Cases and Defendant's objection thereto. For the reasons stated herein, we will grant the motion.

Defendant Edward Harris is named in three separate indictments. The first case filed at criminal number 12-147 charges him and others with conspiring to possess with intent to distribute five kilograms or more of cocaine from May 2, 2012 to May 9, 2012 and attempting to possess with intent to distribute five kilograms or more of cocaine from May 2, 2012 to May 9, 2012. One of the two co-defendants in that case has entered a plea of guilty and awaits sentencing. The second case filed at criminal action 12-211 charges Harris as the sole defendant with possession of crack cocaine with intent to distribute on January 27, 2011. The third case filed at criminal action 12-212 charges Harris with one count of possessing cocaine with intent to distribute on June 18, 2010. His co-defendant is charged in the three other counts in that indictment, has entered a plea of guilty, and awaits sentencing.

The government requests that the three cases be consolidated and joined for trial as they relate to Harris. We note that Rule 13 of the Federal Rules of Criminal Procedure provides: "The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or

1

information." A determination of whether or not to join multiple offenses in a single indictment is governed by Federal Rule of Criminal Procedure Rule 8(a), which states that "[t]he indictment or information may charge a Defendant in separate counts with 2 or more offenses if the offenses charged -- whether felonies or misdemeanors or both -- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

The government's Motion details the facts it expects to prove at trial in each of the separate cases. We briefly summarize them as follows.

In the case filed at criminal number 12-147, wherein the defendant is charged with conspiracy to possess 5 kilograms or more of a controlled substance, the defendant and his alleged co-conspirators planned to forcibly enter a residence to remove narcotics and then to divide the recovered narcotics between them and the undercover ATF agent. At one point, an individual referred to in the government's motion as "CR" informed the undercover agent that he was interested in committing the home invasion robbery for the purpose of obtaining kilograms of cocaine. CR informed the undercover agent that "some people sell drugs, I do this. This is my hustle." The undercover agent had met with Harris, CR and others several times during the spring of 2012 during which time the agent explained that he was looking for help in committing a home invasion robbery at a house in the Pittsburgh area, which the undercover agent described periodically being used by a cocaine trafficking organization to store over 5 kilograms of cocaine. Harris contacted the undercover agent when he realized that CR had been dishonest with Harris regarding the quantity of cocaine expected to be found during the robbery and later divided amongst those involved. At one point Harris described to the undercover agent previous robberies he and a co-defendant had committed, and referred to himself as a

professional. Harris referred to himself and co-defendant Moffitt as, "the guns" and Moffitt stated that CR was "not the boss of us. We're the boss of him." Harris and his co-defendants were arrested when they approached the area of the home robbery. Harris had told the undercover agent that his boys were ready and close by in two different vehicles.

In the case filed at criminal number 2-211, it is alleged that on January 27, 2011, Harris was driving a vehicle pulled over after a routine traffic stop. The police officer learned that there were outstanding warrants for the arrest of the backseat passenger. The officer patted down Harris and discovered a golf ball size quantity of crack cocaine between his buttocks.

In the case filed at criminal number 12-212, it is alleged that on June 17, 2010, after two controlled purchases of crack cocaine were made from Harris, a state search warrant for Harris's residence, three cars and person was obtained. On June 18, 2010 Harris was observed entering another individual's residence which was later searched upon consent. The following were seized from the residence: $3,669 in cash, 152 grams of cocaine, two cell phones, ammunition, boxes of sandwich baggies and creatine, which is used as "cut" for cocaine distribution. After Harris was seen going into this residence and then leaving in his car, his vehicle was pulled over at a traffic stop. Harris admitted that he had cocaine on his person and that he had obtained it from the person in the searched house. Officers found 125 grams of cocaine in Harris' pocket.

The government argues, and we agree, that the offenses charged against Harris in the three pending cases could have been joined in a single indictment because they are of the same or similar character – possession with intent to distribute cocaine, attempt to possess with intent to distribute cocaine, and conspiracy to possess with intent to distribute cocaine. Various appellate courts have clarified that Rule 8(a) should be construed liberally in favor of joinder, with the focus on the similarity of the charged offenses, rather than temporal proximity or

evidentiary similarity. *See, e.g.,* United States v. Melendez, 301 F.3d 27, 35 (1st Cir. 2002); United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003); United States v. Coleman, 22 F.3d 126, 133 (7th Cir. 1994).

We have considered Harris's argument that he will be prejudiced by joinder and reject the notion that joinder would result in an unfair trial. Any such concerns are readily allayed by proper jury instructions. Joinder does not cause prejudice if it results in the admission of evidence that was otherwise admissible under Fed. R. Civ. P. 404(b). United States v. Coleman, 22 F.3d 126, 132-33 (7th Cir. 1994); United States v. Givan, 320 F.3d 452, 455, 460-62 (3d Cir. 2003). The evidence of Harris's motive, intent and knowledge in each case is probative of his intent in the others. In the end, we find that these three cases should be joined to avoid unnecessary repetition in presentation of evidence.

AND NOW, to-wit, this 20th day of February, 2013, it is hereby ORDERED, ADJUDGED and DECREED THAT the "United States Motion to Join Cases" is hereby GRANTED. Criminal cases 12-147, 12-211, and 12-212 shall be joined for trial as they relate to defendant Edward Harris.

IT IS FURTHER ORDERED THAT a jury trial in these matters shall begin Monday, April 8, 2013 at 9:00 a.m., Courtroom 8A, United States Courthouse, Pittsburgh, PA. Any delay caused by this order shall be deemed excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. in the interest of justice.

*Maurice B. Cohill, Jr.*
Hon. Maurice B. Cohill, Jr.
Senior United States District Court Judge

Cc: record counsel

4