IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 12-147 |
| | ) |
| EDWARD HARRIS | ) |
| SEAN MOFFITT | ) |

## OPINION ON PRETRIAL MOTIONS

Defendant Sean Moffitt and Edward Harris are charged in a two-count indictment with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §846 (Count 1), and attempt to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §846 (Count 2). The indictment arose out of a sting operation wherein an undercover agent proposed to defendants and others that they participate in a home invasion robbery in order to steal cocaine.

Presently before the Court are the following motions filed by Sean Moffitt, to which Edward Harris has joined: "Motion in Limine To Exclude Government Expert Testimony by Sergeant Herbert J. Strobel, Jr." (ECF No. 99); "Motion in Limine to Exclude 404(b) Evidence" (ECF No. 100), "Motion for Notice of Government's Intention to Use Similar or Related Act Evidence" (ECF No. 101), "Motion for Disclosure of Agreements Between the Government and Government's Witnesses" (ECF No. 103), "Motion to Require Law Enforcement Personnel to Retain Rough Notes" (ECF No. 104), "Motion for Bill of Particulars" (ECF No. 105), "Motion for Discovery" (ECF No. 106), "Motion for Information Favorable to the Defense" (ECF No. 107) and "Motion for Disclosure of Expert Discovery" (ECF No. 108), and the government's response thereto (ECF No. 117). In addition, the government requests reciprocal discovery from Defendants. A pretrial motions hearing is set for Wednesday June 11, 2013. We issue the following opinion resolving several of the motions in advance of hearing.

1

## I. Motion to Require Law Enforcement Personnel to Retain Rough Notes

Defendants have filed a motion requesting that the Court order that the government investigators retain their rough notes. The government indicates that its agents will retain their rough notes, and will disclose them at the appropriate time. "Independent of the government's consent, the Court notes that the Court of Appeals for the Third Circuit requires that the government retain rough notes and writings." United States v. Solomon, 2007 WL 587805 (W.D.Pa. 2007), citing United States v. Ammar, 714 F.2d 238, 258-59 (3d Cir.), *cert. denied*, 464 U.S. 939 (1983). Accordingly, we grant Defendants' motion and require the government to preserve any such materials.

## II. Motion for Bill of Particulars

Defendant has also filed a motion requesting that the Court issue an Order directing the government to file a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).

The United States Court of Appeals for the Third Circuit has succinctly explained as follows:
> A bill of particulars is a "formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor [.]" Black's Law Dictionary 177 (8th ed.2004). The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." [United States v. ]Addonizio, 451 F.2d [49,] 63-64 [(3d Cir.1972)]. Only where an indictment fails to perform these functions, and thereby "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial[,]" United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir.1989) (citing Addonizio, 451 F.2d at 62-63), will we find that a bill of particulars should have been issued.

United States v. Urban, 404 F.3d 754, 771-772 (3d Cir. 2005). In this case, the Indictment is clearly worded and gives the Defendant notice of the essential facts supporting the alleged crimes of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §846 asserted in Count 1, and attempt to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §846 asserted in Count 2.

The indictment is specific, clear, and detailed and we find that the Indictment informs Defendants of the charges against them and permits them to adequately prepare a defense. We thus deny Defendants' motion for a bill of particulars.

### III. Motion for Production of Discovery Materials

Defendants seek production of a variety of material pursuant to either Rule 16 or as exculpatory material under Brady v. Maryland, 373 U.S. 83 (1963), and potential impeachment material under Giglio v. United States, 405 U.S. 150, 154 (1972).

As succinctly stated by the appellate court in United States v. Ramos, 27 F.3d 65 (3d Cir. 1994):

> [c]riminal pretrial discovery is, of course, vastly different from discovery in civil cases. In contrast to the wide-ranging discovery permitted in civil cases, Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution. The Jencks Act requires that after each government witness has testified on direct examination, the government must produce to the defense "any statement" made by the witness which relates to his or her testimony. In Brady, the Supreme Court held that due process required that the government produce all "exculpatory" evidence, which includes both "[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." United States v. Hill, 976 F.2d 132, 134-35 (3d Cir.1992).

Id. at 67-68. See also United States v. Bagley, 473 U.S. 667, 672 (1985) ("the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial"). Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the government is obligated to disclose exculpatory evidence without undue delay.

3

Unless Rule 16(a)(1) provides otherwise, "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed.R.Crim.P. 16(a)(2). "Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [(the Jencks Act)]." Fed.R.Crim.P. 16(a)(2). The Jencks Act provides in relevant part as follows:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.
> . . . .

18 U.S.C. § 3500(a) & (b).

Federal Rule of Criminal Procedure 16(a)(1)(G) requires that "Upon a defendant's request, the government must give to the defendant a written summary of any [expert] testimony that the government intends to use, . . . during its case-in-chief at trial," and the written summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Defendants' seek additional Rule 16 material that it became aware of that may be in the possession of the government, including certain investigative materials, documentary evidence, and evidence relating to the planning of the sting operation in this case, including interaction with another target of the investigation. In addition, Defendants seek additional 404(B)

4

evidence that the government intends to introduce at trial; any evidence of agreements, promises or assurances given to government witnesses; any exculpatory evidence or impeachment evidence, any additional expert witness evidence.

### A. Additional 404(b) evidence

With regard to Defendants' request for additional 404(b) evidence the government indicates that it has no other 404(b) evidence it will introduce at trial other than the information already disclosed. Thus this motion is denied as moot.

### B. Exculpatory Evidence / Brady and Giglio Material

Defendants request any information relating to promises of immunity or favorable treatment, express or implied, made to any government witnesses. Certainly any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under Brady. See United States v. Higgs, 713 F.2d 39, 43 (3d Cir. 1983) ("[e]vidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility"). See also United States v. Bledsoe, 2006 WL 3098770, *2 (Oct. 30, 2006) (Cercone, J.) (footnote omitted) ("[a]s a general matter, a defendant's requests for impeachment material such as the criminal records of and promises or inducements made to prospective government witnesses raise issues under Brady and the Jenks Act"). Therefore, the Government is required to provide the defense with any information relating to any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment. Said information, to the extent that it exists and has not already been produced, shall be produced to

5

the defense no later than one week prior to trial, which in this case is Monday June 10, 2013. See Id., quoting, Higgs, 713 F.2d at 44 ("Brady impeachment material ordinarily must be disclosed 'in time for its effective use at trial'."). In addition, the government should also provide the defense with any other exculpatory evidence it is aware of no later than June 10, 2013. The trial date is fast approaching and this trial involves two defendants and a sting operation and in order not to delay trial any further it is imperative that the government and the defense be prepared for trial.

To the extent Defendants request disclosure of investigative statements of government witnesses we note that there is no basis upon which the court can order the government to provide investigative statements as Jencks material prior to the time a witness has testified on direct examination at trial. We do however encourage the government to provide the defense with Jencks Act materials in time to avoid any delays during trial.

### C. Additional Expert Testimony

Defendants seek disclosure of any expert witnesses it intends to call in addition to the notice of the expert the government has already disclosed. In response, the government states that it does not intend to introduce any other expert testimony other than that of Sergeant Herbert J. Strobel, Jr., which was already disclosed to Defendants. We find that the government has complied with its requirements under Rule 16(a)(1)(G). Thus, we will deny Defendants' motion as moot.

The government notes that it intends to introduce lay testimony related to cell phone towers, locations, how cell phone towers interact with cell phones, and related information. Neither of the Defendants has filed an opposition to the introduction of such testimony, and we agree with the government that it would be properly introduced as lay testimony.

6

## IV. Motions in Limine

### A. To Exclude 404(b) Evidence

The Government seeks to admit certain other crimes, wrongs or bad acts. With regard to Mr. Harris, the government seeks to introduce evidence that he possessed a controlled substance with intent to distribute it on June 18, 2010, and again on January 27, 2011; and that he had distributed cocaine on about 10 occasions in 2012 prior to his arrest in the present case. With regard to Mr. Moffitt, the government seeks to introduce evidence of his 2009 federal conviction for possession with intent to distribute a controlled substance, and his 2003 State conviction for possession with intent to distribute a controlled substance.

The government contends that the purpose of introducing these prior bad acts is to establish the Defendants' intent and motive, and to a lesser degree, their lack of mistake or and knowledge in light of the fact that this case is a drug trafficking conspiracy and attempt case involving a sting operation wherein a likely defense will be entrapment.

Federal Rule of Evidence 404(b) states as follows:

> **(b) Crimes, Wrongs, or Other Acts.**
> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> **(2) Permitted Uses; Notice in a Criminal Case.**
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
> > **(A)** provide reasonable notice of the general nature off any such evidence that the prosecutor intends to offer at trial; and
> > **(B)** do so before trial – or during trial if the court, for good cause, excuses lack of pretrial notice.

FRE 404(b). Thus, the "threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than

7

character." United States v. Butch, 256 F.3d 171, 175 (3d Cir. 2001). The four-part test for admission of 404(b) evidence is: (1) the evidence must have a proper purpose under 404(b); (2) the evidence is relevant under 402; (3) the probative value outweighs the prejudicial effect under 403; and (4) the court must charge the jury to consider evidence only for the limited purpose for which it was admitted. Huddleston v. United States, 485 U.S. 681 (1988); United States v. Green, 617 F.3d 233, 249 (3d Cir. 2010). The evidence may be admitted if it is "relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit a crime." United States v. Givan, 320 F.3d 452, 460 (3rd Cir. 2003) (citation omitted).

When evidence of a crime, wrong, or other act is both relevant and admissible, the government "must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed offenses before, he therefore is more likely to have committed this one." United States v. Sampson, 980 F.2d 883, 887 (3rd Cir. 1992); United States v. Morley, 199 F.3d 129, 133 (3rd Cir. 1999). Furthermore, in the "Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Huddleston, 485 U.S. at 690.

We will defer ruling on the introduction of this evidence until after counsel presents its arguments at the pretrial motions hearing. However, we agree with the government that should an entrapment defense be presented or appear likely that the above evidence predisposition to engage in drug trafficking would become directly relevant.

### B. To Exclude Expert Testimony of Sergeant Herbert J. Strobel, Jr.

The government intends to introduce the expert testimony of Sergeant Herbert J. Strobel, Jr., in order to educate the jury with background knowledge about drug trafficking. Defendants oppose the introduction of such material. We will rule on this motion after hearing argument at the pretrial motions hearing.

### VI. Government's Request for Reciprocal Discovery

To the extent that the Defendants have not provided discovery material as required the government's request is granted.

June 6, 2013
Date

Maurice B. Cohill, Jr.
United States District Judge