IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **Criminal No. 12-147** |
| | ) | |
| SEAN MOFFITT | ) | |

# ORDER

Defendant Sean Moffitt has filed a Motion to Postpone Sentencing Hearing (ECF No. 199), requesting that we postpone the sentence set for February 5, 2014, in order to seek review of the decision of the United States Attorney for the Western District of Pennsylvania declining to withdraw the Information Stating Prior Convictions Pursuant to Title 21, United States Code, Section 851 (ECF No. 143). The United States Attorney has filed a Response opposing the continuance.

The reasons for the request to continue the sentencing hearing is a Memorandum issued by the Attorney General addressing, in part, the Department's policy on filing an information pursuant to section 851. Attorney General Memorandum, "Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases," August 12, 2013, attached as Ex. A to ECF No. 199. Relevant to this case the Attorney General addresses Recidivist Enhancements in this memo, explaining as follows:

> Prosecutors should decline to file an information pursuant to 21 U.S.C. 851 unless the defendant is involved in conduct that makes the case appropriate for severe sanctions. When determining whether an enhancement is appropriate, prosecutors should consider the following factors:
> 
> - Whether the defendant was an organizer, leader, manager or supervisor of others within a criminal organization;
> 
> - Whether the defendant was involved in the use or threat of violence in connection with the offense;

- The nature of the defendant's criminal history, including any prior history of violent conduct or recent prior convictions for serious offenses;

- Whether the defendant has significant ties to large-scale drug trafficking organizations, gangs, or cartels;

- Whether the filing would create a gross sentencing disparity with equally or more culpable co-defendants; and

- Other case-specific aggravating or mitigating factors.

Ex. A at 3, ECF No. 199.

An August 29, 2013 follow-up Memorandum explained that the new policy would apply to defendants, like Mr. Moffitt, where guilt has been adjudicated and sentence has not yet been imposed. Attorney General Memorandum, "Retroactive Application of Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases," August 29, 2013, attached as Ex. B to ECF No. 199. Specifically, in this memo the Attorney General states: "with respect to defendants who were convicted at trial following the filing of an information under 21 U.S.C. 851, and have not been sentenced, prosecutors are encouraged to consider the guidelines stated in the [August 12, 2013] Attorney General's memorandum and, where appropriate, move to withdraw an 851 information before sentencing." Ex. B at 2, ECF No. 199.

We originally postponed the sentence in this case to afford counsel time to address the application of the above Memorandum to the instant case. (Order postponing sentence from 10/31/2013 to 2/5/14, 10/23/2013, ECF No. 191). By letter to the United States Attorney for the Western District, counsel for Mr. Moffitt eloquently set forth an argument requesting that the 851 enhancement filed in this case be withdrawn pursuant to the policy set forth by the Attorney General. Ex. C to ECF No. 199. In response, the United States Attorney for the Western District

2

declined to withdraw the Section 851 enhancement, explaining that after extensive consideration the Section 851 enhancement is amply justified in this case and is within the Department of Justice's policies. Ex. D. to ECF No. 199.

We will deny the Motion to Postpone the Sentence Hearing. The policy set forth by the Attorney General is directed to prosecutors, not the District Court. Similarly, the factors identified by the Attorney General that prosecutors should consider when determining whether to withdraw the Section 851 enhancement are not factors for the Court to weigh. Finally, in the Attorney General's memo dated August 29, 2013, he states that "[a]pplication of the policy—and any decision to afford relief to those already convicted but not yet sentenced—is an exercise of prosecutorial discretion over charging decisions." Ex. B at 3, ECF No. 199 (citations omitted). Here, the United States Attorney for this District has responded to counsel's request and chosen not to withdraw the enhancement in this case. Accordingly, we will deny the motion to postpone the sentence.

AND NOW, this 4th day of February, 2014, for the above-stated reasons, it is hereby ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Postpone Sentencing Hearing be and hereby is DENIED.

*Maurice B Cohill, Jr.*
Maurice B. Cohill, Jr.
United States District Judge